Jerrold KLEIN, et al., Plaintiffs–Appellants,

v.

BOATMEN'S NATIONAL BANK OF ST. LOUIS, Defendant–Respondent.

No. 61830.

Missouri Court of Appeals, Eastern District, Division Three.

April 20, 1993.

Gregory G. Fenlon, Godfrey and Fenlon, St. Louis, for plaintiffs-appellants.

Richard A. Wunderlich, Daniel D. Zegura, Lewis, Rice & Fingersh, Clayton, for defendant-respondent.

SMITH, Judge.

Plaintiffs appeal from a summary judgment entered by the trial court in favor of the defendant in this action for breach of contract and *prima facie* tort. We affirm.

In 1985 plaintiffs formed a corporation to manage, operate and open a retail store for the sale of ice cream. They financed this operation with a loan from General Bank, secured by a lien on the fixtures, equipment, and receivables of the corporation and the personal guarantees of the individual plaintiffs. General Bank was subsequently acquired by Boatmen's. Boatmen's called the demand note but orally agreed if plaintiffs could provide additional security in the amount of 40% of the outstanding balance it would not require immediate payment of the entire note. Plaintiffs contacted the St. Louis Office of Business Development to secure further financing of the loan. Plaintiffs alleged that they tendered the additional security to defendant but deposition testimony of one of the plaintiffs was that they never received any loan agreement or guarantee to present to the defendant. Defendant's affidavit in support of its motion for summary judgment also stated that no additional security was tendered. Defendant called the note and plaintiffs were forced to sell the business in order to pay the note at a time when the market for the business was not good. This allegedly resulted in the claimed damages.

In their *prima facie* tort claim, plaintiffs alleged that the action of the bank in calling the note was in retaliation for a suit brought by one of the plaintiffs against the bank for improperly paying on forged endorsements. Plaintiffs filed no verified response or affidavit in opposition to defendant's motion for summary judgment and supporting affidavits.

Before us plaintiffs urge that the trial court and defendant addressed the wrong contract in determining that no issue of material fact was in dispute in the breach of contract claim. They contend that at the time they obtained the original loan from General Bank they were orally promised that if they paid the note in timely fashion and the business continued to operate the bank would not call the note. It is not difficult to understand why both the trial court and the defendant overlooked this alleged breach. It was never pleaded. The contract alleged in the petition to have been breached was the oral agreement of the defendant that if additional security was furnished the note would not be called. No reference appears in the petition of the alleged earlier oral agreement now asserted on appeal. That issue was not before the trial court and is not before us.

Facts in an affidavit filed in support of a motion for summary judgment are deemed admitted in the absence of a verified relevant response. *Johnson v. Johnson*, 764 S.W.2d 711 (Mo.App.1989) [3]. One of defendant's affidavits stated that no tender of additional security had been made by the plaintiffs after the oral agreement not to call the note if such tender was made. That fact is deemed admitted. Tender of additional security was a condition precedent for defendant's performance of the oral contract. That condition was not met and defendant did not breach its agreement by calling the note.

The affidavit further stated that defendant did not act with intent to harm plaintiffs and that all acts taken in regard to the loan were taken due to continual late payments on the loan, the inaccessibility of the debtors, poor financial reporting by the debtors, and the under-collateralization of the loan. One of the elements of a *prima facie* tort cause of action is the absence of any justification or an insufficient justification for the defendant's act. *Porter v. Crawford & Co.*, 611 S.W.2d 265 (Mo.App.

1980) [3]. The affidavit of the defendant established an adequate justification for the defendant's action in requiring additional security and in calling the loan when such security was not furnished. The truth of those statements was deemed admitted by plaintiffs' failure to counter them. The court properly granted the summary judgment.

Judgment affirmed.

Gary M. GAERTNER, P.J., and STEPHAN, J., concur.